ROSENBERG JACOBS HELLER & FLEMING, P.C.
ATTORNEYS AT LAW

SAM ROSENBERG
LAWRENCE H. JACOBSΔ
SCOTT T. HELLER*
RAYMOND J. FLEMING
JAYNE E. TURNER
DOUGLAS F. CIOLEK*
PAMELA C. CASTILLO
WAYNE E. PAULTER
GAYLE M. HALEVY+

201 LITTLETON ROAD
P.O. BOX 513
MORRIS PLAINS, NEW JERSEY
07950-0513
_____

(973) 206-2500
Fax (973) 206-2501

Website: www.rrjhlaw.com

JULIANNE CEFALU
CHRISTOPHER KLABONSKI
OF COUNSEL
FRED J. HUGHES, JR.*
TIMOTHY J. FLEMING

*   Certified by the Supreme Court of
    New Jersey as a Civil Trial Attorney
Δ   Also, member of Florida Bar
*   Also licensed in Pennsylvania
+   Also licensed in New York

November 11, 2020

**Via ECF Only:**
Hon. Naomi Reice Buchwald
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

   RE: JOSEPH ZELIG v. CITY MD, CITYMD CARES INC.
      Civil Action File No. 1:20-cv-08375

**REQUEST FOR PRE-MOTION CONFERENCE FOR PRE-ANSWER MOTION TO DISMISS**

Dear Hon. Buchwald:

  We represent the City Medical of New Jersey, P.C., which has been incorrectly sued herein as "CITYMD" and "CITYMD CARES INC," and CityMD Cares Inc. We hereby request a pre-motion conference relative to our intention to file a pre-Answer motion to dismiss based on F.R.C.P. § 12(b)(1), (3) and (6). The Motion would also request, as an alternative, an order compelling a more definite statement as to certain allegations.

  This case, which sounds in medical malpractice and lack of informed consent, arises from Plaintiff's allegation that on August 4, 2020, he received a COVID-19 test at a facility located in

2 | Page

Paramus, New Jersey, and that some aspect of the care rendered was negligent. COVID-19 tests are authorized under Federal Emergency Use Authorization.

### *F.R.C.P. § 12(b)(1) or (6):*

Even if the conclusory allegations of medical negligence and lack of informed consent in the Complaint are true, Defendants are immune from liability under state and federal law. Therefore, dismissal is proper under either F.R.C.P. § 12(b)(1) or (6), or both.

First, this suit is barred by federal law pursuant to the PREP Act and the Declaration by the Secretary of HHS issued on March 17, 2020, in response to the COVID-19 pandemic.[1] This Declaration granted immunity for all "covered persons" who administer or use "covered countermeasures" in an effort to combat the pandemic. COVID-19 tests are "covered countermeasures." Therefore, Plaintiff is barred from suit under 42 U.S.C. § 247d-6d(a)(1).

Second, Defendants are immune under New Jersey law for three reasons. Under P.L. 2020, c.18, (Senate, No. 2333), any "health care facility" or "health care professional" is immune from civil lability for any claim arising from services provided in good faith in support of the response of the State of New Jersey to the pandemic, or to prevent the spread of COVID-19. A similar immunity is provided under Executive Order 112 of 2020 for any healthcare facility with respect to any "act or omission undertaken in good faith in the course of providing services in support of the State's COVID-19 response." Further, under N.J.S.A. 26:13-19, civil immunity attaches to any medical services provided "in connection with a public health emergency." All of these bases for immunity plainly apply to the case at bar.

---

[1] Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21012 (Apr. 15, 2020), 85 Fed. Reg. 35100 (Jun. 8, 2020), *and* 85 Fed. Reg. 52136 (Aug. 24, 2020).

Moreover, because the Complaint lacks sufficient particularity, dismissal is proper because it fails to meet the federal pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*F.R.C.P. § 12(b)(3):*

This action must also be dismissed for improper venue because venue would only be proper in either the District of New Jersey or the District of Columbia. The District of New Jersey is the proper venue because the correct parties are residents of the state of New Jersey and because the actions in the Complaint arose in that venue. However, because the PREP Act provides that the District of Columbia has exclusive jurisdiction over any claimed exception to PREP Act immunity, to the extent that this Court construes the Complaint as asserting a claim for "willful misconduct," the District of Columbia is the only proper venue.

*F.R.C.P § 12(e):*

Finally, Plaintiff's Complaint does not meet the pleading requirements of the Federal Rules of Civil Procedure. Specifically, Defendants request factual detail as to paragraphs 3, 8, 14, 19, 20, 21, 22, 23, 24, 26, 28, 29, and 32 of the Complaint. Among other things, Plaintiff does not specify what aspect of care was negligent or proffer any explanation as to why vicarious liability is asserted.

We will await the Court's direction and scheduling of this pre-motion conference.

Respectfully submitted

*Gayle M. Halevy*

Gayle M. Halevy

GMH/djl

CC: all counsel